**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SETH MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-17-SDD-EWD** |
| **OLD REPUBLIC INSURANCE COMPANY, ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages allegedly sustained by Seth Moore ("Plaintiff") as a result of two vehicle accident that occurred on or about August 10, 2018.[1] Specifically, Plaintiff claims he suffered injuries when "he was struck from the passenger side" by David Berman ("Berman"), who was acting within the course and scope of his employment with Landstar Inway Inc. ("Landstar").[2] Plaintiff alleges that, when the accident occurred: (1) Old Republic Insurance Company ("Old Republic") insured Landstar; (2) Progressive Paloverde Insurance Company ("Progressive") insured Greg Moore, who owned the vehicle Plaintiff was driving; and (3) State Farm Mutual Automobile Insurance Company ("State Farm") insured Plaintiff.[3] On July 8, 2019, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Eighteenth Judicial District Court for the Parish of Iberville.[4] On January 8, 2020, Berman, Landstar, and Old Republic ("Removing Defendants") removed the matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy,

---

[1] R. Doc. 1-1.
[2] *Id*. at ¶¶ 5, 8.
[3] *Id*. at ¶¶ 9, 10, 12. Berman, Landstar, Old Republic, Progressive, and State Farm are collectively referred to as "Defendants."
[4] R. Doc. 1-1.
[5] R. Doc. 1. Progressive and State Farm consented to removal. R. Doc. 1, p. 7.

is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana; Old Republic is an Pennsylvania corporation with its principal place of business in Pennsylvania; Landstar is a Delaware corporation with its principal place of business in Florida; Berman is a domiciliary of Florida; Progressive is an Indiana corporation with its principal place of business in Indiana; and State Farm is an Illinois corporation with its principal place of business in Illinois. Based on this information, complete diversity of citizenship appears to exist.[6]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges that Plaintiff "was involved in an automobile accident involving two (2) vehicles."[8] Plaintiff alleges that he "was proceeding through the intersection, as he had a green light, when suddenly and without warning he was struck from the passenger side by [Berman], thus causing the collisions herein sued upon."[9] Plaintiff alleges that he "sustained bodily injuries that required medical attention and treatment by a physician,"[10] and he prays for "such damages as are reasonable in the premises."[11]

The Removing Defendants rely on Plaintiff's responses to discovery propounded by Progressive to show that the amount in controversy likely exceeds $75,000, exclusive of interest and cost.[12] Specifically, Removing Defendants allege that Plaintiff's discovery responses indicate that he is making a claim for lost wages.[13] In discovery responses, Plaintiff is also claiming

---

[6] R. Doc. 1, ¶ IV.
[7] *See* 28 U.S.C. § 1332(a).
[8] R. Doc. 1-1, ¶ 3.
[9] R. Doc. 1-1, ¶ 5.
[10] R. Doc. 1-1, ¶ 6.
[11] R. Doc. 1-1, at Prayer.
[12] R. Doc. 1, ¶ VI. Removing Defendants allege that Plaintiff has not yet responded to the discovery they propounded.
[13] R. Doc. 1, ¶ VII, and R. Doc. 1-3, at Answer to Interrogatory No. 7.

"[s]evere upper and lower back and neck pain" and "constant headaches,"[14] plus occasional "dizziness and vertigo."[15] A post-accident MRI of Plaintiff shows "spondylotic disc bulging and osteophyte formation at C3 through C6,"[16] for which Removing Defendants allege that Plaintiff underwent two rounds of bilateral cervical dorsal median branch block, plus radiofrequency thermocoagulation of the cervical median branches on his left and right sides.[17] Finally, Removing Defendants allege that Plaintiff is "currently claiming at least $32,718.50 in medical expenses," and that Plaintiff contends his "medical expenses continue to accrue."[18]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. While the Notice of Removal provides some details as to Plaintiff's injuries, medical treatment and medical expenses to date,[19] there is no description of Plaintiff's prognoses and recommended future treatment, whether Plaintiff has been recommended for surgery, or whether Plaintiff is working/can work. Likewise, there is no specific information about Plaintiff's claim for lost wages.[20] There is also no information regarding the limits of the three insurance policies under which Plaintiff seeks recovery for his injuries. Plaintiff did not demand a jury trial in his Petition[21] and there is no evidence of any pre-removal settlement demand that would have bearing on the amount in controversy.

---

[14] R. Doc. 1, ¶ VIII, and R. Doc. 1-3, at Answer to Interrogatory No. 9.
[15] R. Doc. 1, ¶ VIII, and R. Doc. 1-4.
[16] R. Doc. 1, ¶ IX.
[17] R. Doc. 1, ¶ X-XI, R. Doc. 1-6, and R. Doc. 1-7.
[18] R. Doc. 1, ¶ XII-XIII, R. Doc. 1-6, and R. Doc. 1-3, at Answer to Interrogatory No. 16.
[19] Plaintiff's Petition is devoid of any meaningful descriptions of the injuries he allegedly sustained. R. Doc. 1-1, ¶ 6 ("bodily injuries that required medical attention and treatment by a physician"). Plaintiff's Petition does not even include the general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., that courts routinely hold do not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See, e.g., Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[20] R. Doc. 1-3, at Answer to Interrogatory No. 7 ("Yes, for missed work. Please see attached missed work documentation."). Removing Defendants did not attach this documentation to this Notice of Removal, so it was not available for review by the Court.
[21] *See* La. C.C.P. art. 1732 ($50,000 threshold for jury trials). Although not dispositive of whether Plaintiff's claims exceed $75,000, such a demand would indicate that Plaintiff seeks at least $50,000 in damages.

Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that by no later than **February 10, 2020**, David Berman, Landstar Inway Inc., and Old Republic Insurance Company ("Removing Defendants"), shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **February 20, 2020**, Seth Moore ("Plaintiff") shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on January 30, 2020.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").